UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN ALLEN BILL,<br><br>                    Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | CASE NO. C16-941 RSM<br><br>ORDER GRANTING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 |

## I. INTRODUCTION

Before the Court is Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Dkt. #1. Petitioner John Allen Bill challenges the 84-month sentence imposed on him by this Court following his conviction for Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). *Id.* at 1. Petitioner challenges his sentence on the basis that the United States Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), applies retroactively to his case and requires that the Court resentence him under a different Guideline range calculation. After full consideration of the record, and for the reasons set forth below, the Court GRANTS Mr. Bill's § 2255 motion.

## II. BACKGROUND

On June 24, 2011, Mr. Bill entered a plea agreement to plead guilty to the charge of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). Case No. 2:11-CR-00103-RSM, Dkt. #21. Mr. Bill's sentencing took place on October 14, 2011. Case No. 2:11-CR-00103-RSM, Dkt. #27. The Government, Mr. Bill, and probation agreed on a guideline-range sentence of 84 months. *See* Case No. 2:11-CR-00103-RSM, Dkt. #29 at 3. Mr. Bill's prior convictions were briefly discussed by the Government, including convictions for possessing a firearm as a felon and residential burglary. *Id.* at 4. Given the parties' agreement as to sentencing, the Court did not discuss these prior convictions, agreed with the recommendation of the parties, and imposed 84 months of custody.[1] *Id.* at 15-16. There was no appeal.

On June 20, 2016, based on the U.S. Supreme Court decisions in *Johnson*, *supra*, and *Welch v. United States*, __ U.S., __, 136 S. Ct. 1257 (2016), Mr. Bill filed the instant § 2255 motion with this Court. Dkt. #1.

## III. DISCUSSION

**A. Legal Standard**

A motion under 28 U.S.C. § 2255 permits a federal prisoner in custody to collaterally challenge his sentence on the grounds that it was imposed in violation of the Constitution or laws of the United States, or that the Court lacked jurisdiction to impose the sentence or that the sentence exceeded the maximum authorized by law. A petitioner seeking relief under § 2255 must file his motion with the one-year statute of limitations set forth in § 2255(f). That section

---

[1] The Court concluded that there was a total offense level of 23, criminal history category 5, calling for an advisory range of 84 to 105 months of imprisonment. Case No. 2:11-CR-00103-RSM, Dkt. #29 at 15-16.

provides, *inter alia,* that a motion is timely if it is filed within one year of the underlying judgment or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f).

**B. Mr. Bill's Motion**

As noted above, Petitioner's motion to vacate cites the Supreme Court's decision in *Johnson v. United States*, *supra*. In *Johnson*, the Supreme Court ruled on a section of the Armed Career Criminal Act ("ACCA") known as the "residual clause," which provided a definition of "violent felony." Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces a mandatory minimum sentence of 15 years if he has three prior convictions for "violent felonies." 18 U.S.C. § 924(e)(1). The ACCA residual clause provided that a violent felony was one that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In *Johnson*, the Supreme Court held that this clause was "unconstitutionally vague." 135 S. Ct. at 2557. In doing so, the Court necessarily found the clause "vague in all its applications," *id.* at 2561, and concluded that "[i]ncreasing a defendant's sentence under the clause denies due process of law," *id.* at 2557. Subsequently, in *Welch v. United States*, the Court held that *Johnson* applies retroactively to defendants whose sentences were enhanced under the ACCA's residual clause. 136 S. Ct. at 1265.

In the instant matter, Petitioner was not sentenced as a career offender under the ACCA. Rather, he was sentenced under the United States Sentencing Guidelines ("USSG" or "Guidelines"). In addition to other factors, USSG § 4B1.1(a) provides that a "defendant is a career offender if… the defendant has at least two prior felony convictions of either a crime of

violence or a controlled substance offense" and the "instant offense of conviction is a felony that is… a controlled substance offense." USSG § 4B1.2(a) defines "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another." USSG § 4B1.2(a)(1) is often referred to as the "elements clause" or the "force clause." Burglary, arson, extortion, and explosives offenses, if they fit the definition of the federal generic crime, are considered the "enumerated offenses." The last clause of § 4B1.2(a)(2) is often referred to as the "residual clause."

The Guidelines include in its definition of "crime of violence" a sentence identical to the ACCA residual clause. *See* USSG § 4B1.2(a)(2) (providing that a "crime of violence means any offense…[that] otherwise involves conduct that presents a serious potential risk of physical injury to another"); *see also United States v. Spencer*, 724 F.3d 1133, 1138 (9th Cir. 2013) (holding that the Ninth Circuit makes "no distinction between the terms 'violent felony' [as defined in the ACCA] and 'crime of violence' [as defined in § 4B1.2(a)(2) of the Sentencing Guidelines] for purposes of interpreting the residual clause[s]"). Thus, Petitioner now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that it was unconstitutional under *Johnson* and *Welch*, and that his sentence is no longer appropriate. In response, the Government argues that Petitioner's claim is untimely or otherwise procedurally barred, that the *Johnson* holding does not apply retroactively to Guidelines sentences, and that even if Petitioner had a valid *Johnson* claim, it is without merit because he cannot prove the Court relied on USSG § 4B1.2's residual clause in sentencing. Dkt. #9 at 2-3.

### C. Retroactivity of *Johnson* to Guidelines Cases

As an initial matter, this Court has previously rejected the Government's nearly identical retroactivity and applicability arguments in at least one prior *Johnson* case. *See Parker*, Case No. C16-0534RSM, Dkt. #21 at 5-12. In *Parker,* the Court concluded that *Reina-Rodriguez v. United States*, 655 F.3d 1182 (9th Cir. 2011) "provides strong support for concluding that the rule is to be treated as substantive regardless of the context" and that "even in a Guidelines challenge, the rule is substantive and *Teague*'s retroactively bar does not apply." *Id.* at 12 (referring to *Teague v. Lane*, 489 U. S 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989)). The Court will not deviate from that prior ruling, and concludes that *Johnson*'s holding applies retroactively to Guidelines sentences including the one imposed in this matter.

### D. Timeliness and Procedural Bars

The Government argues that Petitioner's Motion is untimely because it was filed more than one year after judgment and because *Johnson* does not apply retroactively. Dkt. #9 at 3-4. However, because the Court has already ruled that *Johnson* does apply retroactively, this argument is moot and the Court need not address it. The Government also argues this Motion is untimely because Petitioner's arguments are not based on *Johnson* but on other prior cases, including *Descamps v. United States*, 133 S. Ct. 2276 (2013). Dkt. #9 at 2. In support, the Government cites this Court's prior holding in *Williams v. United States*, C16-0939-RSM, Dkt. #12 (W.D. Wash. Oct. 11, 2016). However, after reviewing the petition and the remainder of the record, the Court concludes that this petition is indeed based on the rule announced in *Johnson* and, for the reasons cited by Petitioner in his Reply, this case is factually and legally distinct from *Williams*. *See* Dkt. #12 at 12-13.

1    The Government next argues that Petitioner's motion is procedurally barred because at sentencing "Bill never disputed that his residential burglary conviction or assault in the second degree convictions were crimes of violence." *Id.* at 8 (citing *United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998)).  The Government also points out that Petitioner failed to take an appeal of this matter. *Id*.  The Government argues that this renders Petitioner's current claims procedurally defaulted unless he can "show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Id.* (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)).

Petitioner argues that he can show cause and actual prejudice.  Dkt. #12 at 17 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998), and *Reed v. Ross*, 468 U.S. 1, 16 (1984)). Petitioner argues that the Government's identical arguments as to procedural default have been rejected repeatedly in this District. *Id*. at 16-17 (citing cases).

The Court agrees with Mr. Bill that his claims are not procedurally defaulted under the cited case law, including the multiple previous decisions of this Court, because Mr. Bill's *Johnson* claim was not previously reasonably available to him and because there was actual prejudice.  Accordingly, Mr. Bill has overcome the procedural bar set forth by the Government.

**E. The Merits of the Petition**

The Government argues "[t]he record does not indicate that the Court relied on the residual clause when evaluating Bill's conviction." Dkt. #9 at 25.  The Government argues that it is in fact Petitioner's burden, not the Government's, to show that the residual clause was relied on, and that a silent record goes in favor of the Government. *Id*. 24-26 (citing, *inter alia*, *Simmons v. Blodgett*, 110 F.3d 39, 42 (9th Cir. 1997)).  The Government also argues that the Court's reliance on the parties' stipulation forecloses Petitioner's claim that a *Johnson* error

occurred at his sentencing. *Id*. at 26 (citing *United States v. Carter*, 2016 WL 3919829, at *4-*5 (D. Haw. July 18, 2016)).

The Government concedes that "[i]f the Court concludes that Bill's 2255 Motion is not procedurally barred and timebarred, and also concludes that *Johnson* applies retroactively, and that there is a basis to dispute the validity of the predicate convictions, then resentencing is required." Dkt. #9 at 28-29. The Government further concedes that "at a new sentencing hearing, Bill's prior residential burglary conviction should not be considered a crime of violence." *Id*. at 29 (citing via footnote *Mathis v. United States*, 136 S. Ct. 2243 (2016); *United States v. Cisneros*, 826 F.3d 1190, 1193-96 (9th Cir. 2016)). The Government argues that Mr. Bill's prior second degree assault conviction should be considered a violent felony in a subsequent new sentencing hearing. *Id*. at 29-32.

On Reply, Petitioner argues that the Court must apply the harmless-error analysis, not the preponderance of the evidence standard, when determining whether the Court relied on the unconstitutional residual clause. Dkt. #12 at 3 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Petitioner cites to a recent case in this District laying out the justification for applying this standard in the context of a 2255 petition. *Id*. at 4-5 (citing *Dietrick v. United States*, Nos. C16-705 MJP, CR11-253 MJP, 2016 WL 4399589, at *3 (W.D. Wash. Aug. 18, 2016)). Petitioner argues that "when the reviewing Court faces a situation in which the fact finder was presented with both an unconstitutional route to a conclusion (the residual clause) and a constitutional one (the remaining clauses) and the Court is in 'equipoise' which route the fact finder took, the benefit of the doubt accrues to the petitioner." *Id*. at 5 (citing *Zant v. Stephens*, 462 U.S. 862, 881 (1983); *O'Neal v. McAninch*, 513 U.S. 432, 434 (1995). Petitioner argues that *Simmons, supra*, in inapposite because in the instant matter "the contested issue is not an

1  extrajudicial fact but the legal reasoning of a sentencing judge implicit in the case's procedural
2  history." Id. at 5-6 (citing cases). Petitioner argues that the Government's "demand for a record
3  showing this Court's explicit verbal reliance on the residual clause" would impose "an arbitrary
4  and unjust condition for relief." *Id*. at 3. Petitioner argues that even if the *Brecht/O'Neal*
5  standard did not apply, Mr. Bill would still meet the burden of showing that the Court previously
6  relied on the Residual Clause because the Court would have had no other part of the sentencing
7  guideline to rely on. *Id*. at 7-8. Petitioner argues that "the Court may grant relief based solely on
8  the government's concession that residential burglary no longer qualifies as a crime of violence
9  after Johnson" and that "even assuming Mr. Bill has one remaining prior crime of violence, his
10 adjusted offense level must still be corrected from 23 to 19, resulting in a Guideline range of 57
11 to 71 months, not the 84 to 105 months originally calculated." *Id.* at 2.

12  The Court agrees with Petitioner that the *Brecht/O'Neal* harmless error standard applies
13 to this case. The parties agree that the record is silent on whether the Court explicitly considered
14 the residual clause at sentencing. However, the Court agrees with Petitioner that the benefit of
15 the doubt should accrue to the Petitioner and that the Court likely could not have reached the
16 guidelines range conclusion that it did without reliance on the now-unconstitutional residual
17 clause, regardless of the agreement of the parties at the time. Accordingly, as the Court has
18 concluded that this Motion is not procedurally barred or timebarred, and now concludes that it
19 relied on the now-unconstitutional residual clause, resentencing is required.

20                **IV.  CONCLUSION**

21  Having considered Petitioner's motion, Respondent's answer thereto, and the remainder
22 of the record, the Court hereby finds and ORDERS:

23      1.  Petitioner's Motion under § 2255 (Dkt. #1) is GRANTED.

24

2. The Court VACATES and sets aside the Judgment in Case No. 2:11-CR-00103-RSM

3. The Court will resentence Petitioner, permit him to submit objections to his Presentence Report pursuant to Federal Rule of Criminal Procedure 32(i)(1)(D), and allow both sides to argue for an appropriate and lawful sentence, at a date to be scheduled by the Court.

4. The parties shall contact the Court's In-Court Deputies with their recommendations and availability for an appropriate sentencing date for the Court's consideration.

5. The Clerk of the Court is directed to forward a copy of this Order to Petitioner and all counsel of record.

DATED this 12th day of January 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE